## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| STORMY BLANKINSHIP, | ) CASE NO. 2:17-cv-00777-MHW-CMV |
| | ) |
| Plaintiff, | ) JUDGE WATSON |
| | ) |
| vs. | ) ANSWER OF DEFENDANT TO |
| | ) COMPLAINT; JURY DEMAND |
| | ) ENDORSED HEREON |
| SEQUEL YOUTH AND FAMILY | ) |
| SERVICES, | ) |
| | ) |
| Defendant. | ) |

Now comes Defendant Sequel Pomegranate Health Systems, LLC d/b/a Sequel Youth and Family Services ("Company" or "Defendant"), by and through its undersigned counsel, and for its Answer to Plaintiff Stormy Blankinship's ("Plaintiff") Complaint states as follows:

1. In answer to Paragraph 1 of the Complaint, Defendant admits the allegations contained therein.

2. In answer to Paragraph 2 of the Complaint, the Defendant states that the Plaintiff's former employer, and proper Defendant, is Sequel Pomegranate Health Systems, LLC d/b/a Sequel Youth and Family Services. Sequel Pomegranate, LLC is not an Alabama Corporation, and therefore the Defendant denies the allegations in Paragraph 2 of the Complaint.

3. In answer to Paragraph 3 of the Complaint, Defendant admits the allegations contained therein were alleged to have occurred in Franklin County, Ohio.

FPDOCS 33428908.1

4.      In answer to Paragraph 4 of the Complaint, Defendant admits that Plaintiff was hired on April 11, 2016 by the Company and served as a licensed practical nurse until her employment ended on March 2, 2017.

5.      In answer to Paragraph 5 of the Complaint, Defendant denies the allegations contained therein.

6.      In answer to Paragraph 6 of the Complaint, Defendant denies that it engaged in any illegal acts as alleged, but admits that the events relating to this matter occurred in Franklin County Ohio. Defendant denies that venue is proper in the Southern District of Ohio.

7.      In answer to Paragraph 7 of the Complaint, incorporates its answers to Paragraphs 1 through 6 as if fully rewritten herein.

8.      In answer to Paragraph 8 of the Complaint, Defendant states that the allegations set forth therein call for a legal conclusion that does not require a responsive pleading.

9.      In answer to Paragraph 9 of the Complaint, Defendant denies the allegations set forth therein.

10.     In answer to Paragraph 10 of the Complaint, Defendant denies the allegations set forth therein.

11.     In answer to Paragraph 11 of the Complaint, Defendant denies the allegations set forth therein.

12.     In answer to Paragraph 12 of the Complaint, Defendant denies the allegations set forth therein.

13.     In answer to Paragraph 13 of the Complaint, Defendant denies the allegations contained therein.

FPDOCS 33428908.1

14.    In answer to Paragraph 14 of the Complaint, Defendant incorporates the answers to Paragraphs 1 through 13 as if fully rewritten herein.

15.    In answer to Paragraph 15 of the Complaint, Defendant denies the allegations contained herein.

16.    In answer to Paragraph 16 of the Complaint, Defendant denies the allegations contained therein.

17.    In answer to Paragraph 17 of the Complaint, Defendant denies the allegations contained therein.

18.    In answer to Paragraph 18 of the Complaint, Defendant denies the allegations contained therein.

19.    In answer to the Wherefore Clause of the Complaint, Defendant states that the Plaintiff is not entitled to the relief requested therein, or any other relief whatsoever.

20.    Defendant denies any allegations set forth in the Complaint not expressly admitted herein as true.

## AFFIRMATIVE OR SPECIAL DEFENSES

1.    Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

2.    This Court lacks subject matter jurisdiction, and/or there is no case or controversy between the named parties that is ripe for the Court's adjudication or resolution.

3.    This Court lacks personal jurisdiction over the Defendant.

4.    The Plaintiff has sued the improper Defendant, and the named Defendant was not the Plaintiff's employer.

FPDOCS 33428908.1

5.     Plaintiff lacks standing to bring some or all of the claims asserted in the Complaint, or the Plaintiff is not the real party in interest.

6.     Any actions taken by Defendant with respect to Plaintiff were for legitimate, non-discriminatory and non-retaliatory reasons and, therefore, Defendant is relieved from any liability to Plaintiff.

7.     Plaintiff's claims may be barred and/or limited by the after-acquired evidence doctrine.

8.     Plaintiff's claims are barred by the doctrines of laches, estoppel, consent, waiver and/or unclean hands.

9.     Plaintiff's claims for relief are barred and/or limited to the extent that she has failed to act reasonably to mitigate the damages she allegedly sustained.

10.     Any damages recovered by Plaintiff must be offset by any compensation she has received or could have received with reasonable diligence for the period for which she is seeking damages.

11.     Defendant denies Plaintiff was subjected to any unlawful discriminatory, harassing and/or retaliatory employment practice or adverse action, but states that if such a practice or action is found, the same employment decision(s) regarding Plaintiff would have been made in the absence of any impermissible motivating factor(s).

12.     Plaintiff unreasonably failed to take advantage of preventive or corrective opportunities, or to avoid harm otherwise.

13.     Defendant had in place, at all times, an effective policy prohibiting any type of unlawful discrimination, harassment and/or retaliation in the workplace and exercised reasonable

-4-

care to prevent and correct promptly any unlawful discriminatory, harassing and/or retaliatory behavior.

14.     Plaintiff's claims are barred because the conduct complained of is not sufficiently severe or pervasive to alter the terms or conditions of employment, and would not be considered hostile or offensive by a reasonable person.

15.     Plaintiff's claims are barred because Plaintiff suffered no tangible job detriment or otherwise adverse employment action.

16.     Plaintiff's claims are barred to the extent she did not engage in legally protected activity.

17.     Plaintiff is not entitled to recover punitive damages because these damages are not available remedies for some or all of the claims in the Complaint and/or Defendant's alleged actions were not willful, malicious, and without justification.

18.     Defendant may not be held liable for any alleged injuries or damages resulting from Plaintiff's preexisting emotional, psychological, or physical conditions not the result of any act or omission of Defendants.

19.     Any damages recovered by Plaintiff must be offset and/or reduced by benefits she has received from any collateral source, pursuant to R.C. §2315.20.

20.     Plaintiff's claims for alleged non-economic damages are limited under R.C. § 2315.18.

21.     Plaintiff's claims for alleged punitive damages are limited under R.C. §2315.21, and Ohio Tort Reform.

-5-

22.	Plaintiff's claims for alleged punitive damages must be bifurcated in accordance with R.C. §2315.21.

23.	The claims in the Complaint for alleged punitive damages are barred and/or limited by the due process and equal protection clauses of the U.S. Constitution and by analogous provisions of the Ohio Constitution. To the extent Plaintiff's Complaint seeks to make Defendant liable for punitive damages, Defendant adopts by reference whatever defenses, criteria, limitations and standards are mandated by the U.S. Supreme Court's decision in *BMW North Am., Inc. v. Gore*, 116 S.Ct. 1589 (1996) and its progeny.

24.	The claims in the Complaint are barred or limited by Defendant's good-faith efforts to comply with applicable employment laws and regulations.

25.	Plaintiff has failed to exhaust her internal and administrative remedies.

26.	Plaintiff's claims are barred as she abandoned her job, resigned her employment, and/or relinquished her employment.

27.	Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

28.	The Plaintiff has failed to join all necessary and indispensable parties.

29.	The Plaintiff's claims are barred by res judicata, collateral estoppel, claim preclusion, and/or issue preclusion.

30.	Defendant may not be held liable for any alleged injuries or damages resulting from Plaintiff's pre-existing emotional, psychological, or physical conditions not the result of any act or omission of the Defendant.

31.	Plaintiff's public policy claim is barred by the availability of relief under other statutory provisions, and under R.C. 3721.24.

FPDOCS 33428908.1

32.     Plaintiff's remedies and damages, even under a public policy claim, are limited by the remedies enumerated in R.C. 3721.24; the Plaintiff is not entitled to punitive damages.

33.     Plaintiff's public policy claim is barred because the Plaintiff cannot identify a clear federal, state, or local public policy that is applicable.

34.     Plaintiff's claim is not well-grounded in fact, or warranted by existing law.

35.     Defendant reserve the right to raise additional affirmative or special defenses based upon information learned through informal and formal discovery.

WHEREFORE, having fully answered the Complaint of Plaintiff, Defendant respectfully demands that the Complaint be dismissed in its entirety with prejudice as to future action; that Plaintiff be denied any and all relief demanded therein; that Defendant be awarded its reasonable costs, expenses and attorneys' fees incurred in defending this action; and that Defendant receive any and other further relief to which it is entitled.

Respectfully submitted,

**FISHER & PHILLIPS LLP**

*/s/ Curtis G. Moore*
Robert M. Robenalt (0042251)
Curtis G. Moore (0091209)
250 West Street, Suite 400
Columbus, Ohio 43215
(614) 221-1425 – Phone
(614) 221-1409 – Fax
rrobenalt@fisherphillips.com
cmoore@fisherphillips.com

*Counsel for Defendant,*
*Sequel Youth and Family Services*

FPDOCS 33428908.1

## JURY DEMAND

The Defendant respectfully demands a jury trial by the maximum number of jurors permitted by law, and for all issues so triable.

Respectfully submitted,

**FISHER & PHILLIPS LLP**

/s/ Curtis G. Moore
Robert M. Robenalt (0042251)
Curtis G. Moore (0091209)
250 West Street, Suite 400
Columbus, Ohio  43215
(614) 221-1425 – Phone
(614) 221-1409 – Fax
rrobenalt@fisherphillips.com
cmoore@fisherphillips.com

*Counsel for Defendant,*
*Sequel Youth and Family Services*

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2017, a copy of the foregoing *Answer of Defendant Sequel Youth and Family Services* was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

/s/ Curtis G. Moore
Curtis G. Moore (0091209)

FPDOCS 33428908.1