UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STORMY BLANKINSHIP | : | |
| PLAINTIFF, | : | CASE NO. 2:17-cv-777 |
| | : | JUDGE WATSON |
| | : | MAGISTRATE JUDGE VASCURA |
| v. | : | FIRST AMENDED COMPLAINT |
| | : | <u>JURY DEMAND ENDORSED HEREON</u> |
| SEQUEL YOUTH AND FAMILY SERVICES | : | |
| DEFENDANT. | | |

## PARTIES

Plaintiff, Stormy Blankinship, complaining of Defendant alleges as follows:

1. Plaintiff is an individual citizen of the State of Ohio.

2. Defendant is an Alabama corporation with an office located at 765 Pierce Road, Columbus, Ohio, Franklin County.

3. The acts complained of herein took place in Franklin County, Ohio.

4. Plaintiff was employed with Defendant from March 2016 to March 2, 2017 as a Licensed Practical Nurse.

## JURISDICTION AND VENUE

5. Jurisdiction is based upon 28 USC §1332 because the action involves citizens of separate states and the matter in controversy exceeds the sum of seventy five thousand dollars ($75,000.00).

6. Venue lies in the Southern District of Ohio pursuant to 28 U.S.C. §1391 based upon the illegal acts of Defendant which occurred in the County of Franklin, State of Ohio.

## FIRST CLAIM FOR RELIEF: WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY AND OHIO COMMON LAW

7. The allegations of the prior paragraphs are incorporated as if fully set forth below.

8. Among other public policies, Ohio has a public policy through statutes, regulations and common law against taking adverse employment action, including termination of employees who refuse to refrain from reporting abuse and/or neglect of juvenile residents and reporting staff nursing shortages of care facilities.

9. Defendant has violated these public policies.

10. Plaintiff was ordered to participate in the public policy violations described above.

11. Plaintiff refused to participate in the aforementioned public policy violations and as a result of said refusals, she was terminated.

12. Defendant's termination of Plaintiff was unlawful.

13. As a direct and proximate result of Defendant's conduct as set forth above, Plaintiff has suffered loss of compensation, loss of fringe benefits, loss of the opportunity to be able to continue the gainful employment in which she has been engaged previously, loss of future earnings, loss of future earning capacity and loss of reputation, humiliation, embarrassment, loss of self esteem, other emotional distress, adverse health, and loss of time and money endeavoring to protect herself from Defendant's unlawful discrimination, including costs, expert's fees, attorney's fees and interest.

## SECOND CLAIM FOR RELIEF: VIOLATION OF ORC §3721.24

14. The allegations of the prior paragraphs are incorporated as if fully set forth below.

15. The Plaintiff reported abuse or neglect of its juvenile residents and/or indicated an intention to make such a report and/or provided information during an investigation of suspected abuse and/or neglect.

16. Defendant took adverse action against Plaintiff for making the reports, including terminating her employment.

17. Defendant's adverse action was taken in violation of ORC §3721.24.

18. As a direct and proximate result of Defendant's conduct as set forth above, Plaintiff has suffered loss of compensation, loss of fringe benefits, loss of the opportunity to be able to continue the gainful employment in which she has been engaged previously, loss of future earnings, future earning capacity and loss of reputation, humiliation, embarrassment, loss of self esteem, adverse health, emotional distress, and loss of time and money endeavoring to protect herself from Defendant's unlawful conduct, including costs, expert's fees, attorney's fees and interest.

**WHEREFORE**, Plaintiff prays as to Defendant as follows:

(a) That this Court award such equitable relief as is proper as compensation for the loss of opportunity to engage in gainful employment, including relief in the form of front pay and benefits or reinstatement;

(b) That this Court award Plaintiff compensation for her adverse health effects, for the loss of her opportunity to engage in gainful employment, and future earnings, lost earning capacity and for humiliation, embarrassment, loss of reputation, loss of self-esteem, adverse health and for emotional distress;

(c) That this Court award Plaintiff all lost wages and benefits;

(d) That this Court award Plaintiff punitive damages;

(e) That this Court award Plaintiff reasonable attorney's fees, expert fees, expenses and the costs of this action;

(f) That this Court award Plaintiff liquidated damages;

(g) That this Court award Plaintiff interest and prejudgment interest; and

(h) That this Court grant Plaintiff such other and further relief as may be just and equitable.

Respectfully Submitted,

/s/Rayl L. Stepter
Rayl L. Stepter (0047505)
5650 Paul Blazer Parkway

Dublin, Ohio 43017  
(614) 468-4100  
(614) 468-4101 (Fax)  
raylstepter@stepterlaw.com  
Trial Attorney for Plaintiff

Plaintiff demands trial by jury.

/s/Rayl L. Stepter  
Rayl L. Stepter  
Trial Attorney for Plaintiff